Ingraham, J.
On cthe former appeal in this action it was held by this court that the certificate required to renew a special partnership beyond the time originally fixed for its duration under the provisions of section 11 of the act, must_ contain a statement of the amount of the capital contributed by the special partner to the original special partnership, which remained in the old firm at the time of the renewal and was carried over and contributed to the renewed firm, and if such certificate was false, the firm was not renewed or continued as required by section 11, and so became a general partnership.
On the 28th day of February, 1882, the duration of the special copartnership, theretofore, existing between the -defendants, and in which the defendant, James B. Colgate, was special partner came to an end and the members of the copartnership executed a certificate that certified that the said limited partnership was renewed and continued pursuant to the law of the state of New York, and said certificate contained the following provisions:
Fourth. The amount of capital which the said James B. Colgate, the said special partner heretofore contributed to the common stock of the said copartnership is the sum of $100,000 in cash. That the said capital stock of the said special partnership remains in the said limited partnership wholly unimpaired, and that the said amount, viz.: One hundred thousand dollars has been contributed by the said special partner to the common stock of the renewed and continued partnership.
The plaintiff alleged, and on the trial proved, that at the time of the said renewaland the execution of the certificate, the said partnership was largely insolvent and.that the sum of $100,000 contributed to the capital stock of the said special partnership by the defendant James B. Colgate, was wholly exhausted, and on the testimony the court held that the fact was established, and directed a verdict for the plaintiff.
From an examination of the testimony I am satisfied that that fact was proved, and that there was no question to submit to the jury.
The credit on the books of the copartnership, consisting of a charge against the firm of Friend Humphrey’s Sons, which firm was composed solely of the general partners, was not an, asset of this special partnership It was simply *295 a charge to the general partners collectively, and the statements presented by the defendant, show, that.,without that credit the capital contributed by the defendant Colgate was impaired.
Applying the decision of the general term on the former appeal it is entirely immaterial whether Colgate made the certificate in good faith or not. In order to continue the partnership, the fact that the capital contributed to the partnership by the special partner remains unimpaired and is contributed to the renewed partnership must exist and that fact must be certified, and if either the certificate is not made or the fact that the certificate is required to certify does not exist, the special partnership is not renewed, but it becomes from that time on, á general partnership; and as this court is bound by the decision of the general term on the former appeal, I think applying what was there decided, that the special partnership was not continued or renewed, and that the defendant James B. Colgate became liable as a general partner.
We have examined the exceptions to the admission and rejection of evidence, but do not think that any of them require that a new trial should be ordered.
On the whole case we think the exceptions should be overruled and judgment ordered for the plaintiff upon the verdict with .costs.
Sedgwick, Ch. J., concurs.